**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 01-41505
Summary Calendar

BOYCE PRODUCING CORP., a Corporation,

                    Plaintiff-Counter Defendant-Appellant,

UNION STAFF PROPERTIES, LLC,

                    Plaintiff-Appellant,

                    VERSUS

WILLIAM CLAYTON FULTON, an Individual;
        APACHE CORPORATION,

                    Defendants-Counter Claimants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
(4:00-CV-429)

June 24, 2002

Before DAVIS, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

    Boyce Producing Corporation(Boyce) appeals from the

dismissal of its claims against defendants William Clayton Fulton

and Apache Corporation on motions for summary judgment.  The

Report and Recommendation of the magistrate judge, which was

---

    [*]Pursuant to 5ᵀᴴ CɪR. R. 47.5, the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5ᵀᴴ CɪR. R. 47.5.4.

adopted by the district court, found numerous alternative bases for the failure of Boyce's claims of tortious interference with contract, tortious interference with contract relationships, and tortious interference with prospective business advantages. We affirm for the following reasons.

As an initial matter, like the magistrate, we recognize that the claims of tortious interference with contract and tortious interference with contract relationships are identical. See Juliette Fowler Homes, Inc. V. Welch Associates, Inc., 793 S.W.2d 660, 664(Tex. 1990) and Holloway v. Skinner, 898 S.W.2d 793, 795-96(Tex. 1995). Two additional decisions by the Texas Supreme Court foreclose Boyce's claims. First, in order to establish liability for interference with a prospective contractual or business relationship, the plaintiff must prove that it was harmed by the defendant's conduct that was either independently tortious or unlawful. Independently tortious conduct is that which would violate some independent tort duty. Wal-Mart Stores, Inc. v. Sturges, 52 S.W.3d 711, 713(Tex. 2001). Boyce alleges no independent tort committed by Apache or Fulton. Competing legally for a single business opportunity is not by itself a tort. Id.

Second, Boyce's claim for tortious interference with a contract must fail because the contract Boyce alleges was interfered with, an oil and gas mineral lease, is not enforceable as it does not satisfy the statute of frauds. Under Texas law, a

2

lease of real estate for a term longer than one year is not enforceable unless the promise or agreement, or a memorandum of it, is in writing and signed by the person to be charged with the promise or agreement. Tex. Bus. & Com. § 26.01(Vernon's 2002). This provision is applicable to oil and gas mineral leases. Mellette v. Hudstan Oil Corp., 243 S.W.2d 438(Tex. Civ. Appl. 1951), writ ref. n.r.e. According to Boyce, the basis for the alleged oil and gas lease was a standard "Producer's 88" form amended by an Addendum A which had been negotiated between Boyce and Fulton. However, it is undisputed that the form lease was never exchanged between Boyce and Fulton. Our review of the record reveals no writing in which Fulton agreed to the Producer's 88 form as the basis for the lease. Even if such evidence exists, reference to a Producer's 88 form lease is "as incapable of definite application as if the term 'oil and gas lease form' had been used instead." Fagg v. Texas Co., 57 S.W.2d 87, 89(Tex. 1933). The lease form signed by Fulton with Apache is labeled as a Producer's 88 form and it is clearly not identical to the form proposed by Boyce.

According to Trammel Crow Company No. 60 v. Harkinson, 944 S.W.2d 631(Tex. 1997), a claim to recover for tortious interference with a contract deemed unenforceable by the Texas legislature cannot stand. In Trammel Crow, the Texas Supreme Court rendered a take nothing judgment against a broker claiming tortious interference with an alleged contract for real estate

3

commissions.  The statute at issue in that case, Tex. Rev. Stat. Ann. art.6573(a), like § 26.01, requires that such agreements be in writing and signed by the party to be charged in order to be enforceable.  As the mineral lease alleged by Boyce as the contract allegedly interfered with does not satisfy the statutory requirements established by the Texas legislature in the Texas statute of frauds, it is unenforceable both directly and by means of a claim of tortious interference.

Finding no error, we AFFIRM.